O. E. BURT, GUARDIAN, &c. v. JOHN BOX AND OTHERS.

There being no homestead pertaining to an insolvent estate, the probate court
    ordered the administrator to pay to the widow of the decedent two thou-
    sand dollars in lieu of a homestead.  The guardian of the decedent's
    child, a minor, sued the administrator for half of the allowance in lieu
    of a homestead, setting forth in the petition the order of allowance.
    *Held,* that exceptions to the plaintiff's petition were properly sustained.
    The allowance being made to the widow, she alone could maintain an
    action for it ; though she might, without impropriety, join her minor
    child, by special guardian, in her suit against the administrator for the
    allowance.

APPEAL from Henderson.  Tried below before the Hon.
John G. Scott.

The opinion states the case.

*T. B. Greenwood,* for the appellant.

*T. J. Word* and *A. M. Jackson,* for the appellees.

WALKER, J.   The plaintiff in this action sues as the guardian
of the minor, Kate Stuart, who is the daughter of James H.
Stuart, deceased, who died insolvent, leaving a widow and one
child.   Box was appointed administrator, and gave Sample and
Murchison as securities on his official bond.   The inventory of
the estate amounted to about twenty-four hundred dollars,
which sum was entirely insufficient to pay the debts.   At the
October term of the court for the year 1863, the administrator
was ordered, there being no homestead left to the widow, to
pay over to her the sum of two thousand dollars.

. It is averred in the petition  that the administrator, on the
23d day of October, 1863, did convert the whole of the estate
of James H. Stuart to his own private use and benefit, and that
he has failed and refused to pay over any part of the money
belonging to said estate to any person legally authorized to

receive the same ; and all this he has done fraudulently. The defendant, Box, filed a plea in abatement, on the 18th of November, 1870 ; in which he alleges that Mary E. Stuart, the widow of James H. Stuart, had filed her action against him and his securities, in the same court and on the same day this suit was brought, setting up precisely the same cause of action, except that the said Mary E. in her petition claims judgment for the entire two thousand dollars.

Following his plea in abatement, he pleads by way of special exception, alleging that the order of the probate court directs the payment of the money to Mary E., and not to Kate Stuart nor her guardian. There are several other exceptions unnecessary to be noticed in this opinion.

The sixth exception is as follows : " that the petition of " plaintiff shows, if it shows anything, that his ward, if entitled " to recover, is entitled to do so from her mother, Mary E. " Stuart." There is also a special plea of payment ; and he also avers that the matter of this suit is *res judicata ;* that he was discharged from all liability to Mary E. Stuart and her daughter (who was styled Elizabeth E. Stuart in a former action in the county court of Henderson County) by a judgment of the probate court, made at the June term, 1869.

The District Court sustained the exceptions to the petition, and we think very properly ; the petition does not disclose a cause of action. Mary E. Stuart, the mother of the minor child, is the party, and the only party, entitled to sue for the two thousand dollars ordered to be paid to her by the probate judge. It would not have been improper for her to join her daughter, by special guardian, in her suit against the appellees, if the daughter, indeed, has any interest in the subject matter of the suit.

The judgment of the District Court is affirmed.

Affirmed.